UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ROSAS VICTOR,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the<br>Social Security Administration,<br><br>　　　　　Defendant. | No. CV 10-7674-PJW<br><br><br><br>MEMORANDUM OPINION AND ORDER |

### I.  INTRODUCTION

Before the Court is Plaintiff's appeal from a decision by Defendant Social Security Administration ("the Agency"), denying his application for Disability Insurance benefits ("DIB").  Plaintiff claims that the Administrative Law Judge ("ALJ") erred in his evaluation of Plaintiff's limitations.  For the reasons explained below, the Court concludes that the ALJ erred and that remand is required.

### II.  SUMMARY OF PROCEEDINGS

In January 2008, Plaintiff applied for DIB, alleging that he had been disabled since February 3, 2006, due to pain and swelling in both hands; pain in his feet, knees, elbows, shoulders, and fingers;

diabetes; rheumatoid arthritis; and depression. (Administrative Record ("AR") 118-19, 126, 155.) The Agency denied his application initially and on reconsideration. (AR 60-70.) He then requested and was granted a hearing before an ALJ. (AR 71-73.) On March 5, 2010, Plaintiff appeared with counsel at the hearing and testified. (AR 37-56.) On April 30, 2010, the ALJ issued a decision denying benefits. (AR 22-29.) Plaintiff appealed to the Appeals Council, which denied review. (AR 4-15.) He then commenced the instant action.

### III. ANALYSIS

Plaintiff's treating physician Steven Brourman opined that Plaintiff should "avoid heavy lifting, repetitive forceful gripping, grasping, pushing, pulling, squeezing, twisting, torquing, fingering and fine manipulative tasks." (AR 454.) The ALJ recognized that Dr. Brourman's opinion was entitled to great weight because he is a hand specialist, because he was Plaintiff's treating physician, and because he performed Plaintiff's carpal tunnel release surgery. (AR 27.) As a result, the ALJ adopted Dr. Brourman's findings, translating his limitation for repetitive forceful gripping, grasping, pushing, pulling, squeezing, twisting, and torquing into a limitation for "frequent handling, fingering, and fine manipulation . . . ." (AR 26-27.) Plaintiff takes issue with the ALJ's analysis. He contends that the ALJ's translation does not accurately encompass his limitations. (Joint Stip. at 4-8.) For the following reasons, the Court agrees.

Gripping, grasping, pushing, pulling, squeezing, twisting, and torquing require the application of force; handling, fingering, and fine manipulation do not. *See, e.g.*, *Czajka v. Astrue*, 2010 WL 3293350, at *3 (C.D. Cal. Aug. 18, 2010) (finding that grasping and handling are "not the same" because "[t]he act of grasping requires a

*firm* hold or grip.  Handling can mean simply touching or using the hands.  It is improper to conflate the two terms.") (emphasis in original).  As such, the Court concludes that the ALJ erred by equating the terms.

Additionally, the Court disagrees with the ALJ's determination that Dr. Brourman's finding that Plaintiff should avoid "repetitive" forceful gripping, grasping, pushing, pulling, squeezing, twisting, and torquing was equivalent to a limitation on "frequent" handling, fingering, and fine manipulating.  (AR 26.)  "Repetitive" is not synonymous with "frequent."  "Repetitive" refers to a type of action that is repeated.  "Frequent" refers to how often an action is performed.  *See*, *e.g.*, *Macapagal v. Astrue*, 2008 WL 4449580, at *3-4 (N.D. Cal. Sept. 29, 2008) (explaining that "term 'repetitive' seems to describe the manner in which a person uses her hands and the type of action required, whereas the term 'occasional' [or 'frequent'] reflects how often a person uses her hands in a particular manner[,]" and remanding where ALJ's hypothetical did not reflect this distinction).  Moreover, the ALJ's residual functional capacity determination did not include a limitation on "forceful" activities at all.

In failing to include portions Dr. Brourman's limitations, the ALJ tacitly rejected those parts of the doctor's opinion without providing specific and legitimate reasons for doing so.  This was error.  *See Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) (holding ALJ must provide specific and legitimate reasons for rejecting treating opinion that is contradicted by another doctor).  And the error was not harmless.  *See Stout v. Comm'r,* 454 F.3d 1050, 1055 (9th Cir. 2006) (error is harmless in the social security context if it is

"inconsequential to the ultimate nondisability determination."). The ALJ's failure to include all of Plaintiff's limitations in the residual functional capacity determination and the resultant hypothetical question to the vocational expert meant that the vocational expert's opinion was based on less than all of Plaintiff's limitations. As such, the testimony cannot support the ALJ's decision that Plaintiff could perform his past work. *See Edlund v. Massanari*, 253 F.3d 1152, 1160 (9th Cir. 2001); and *DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991) ("If the hypothetical does not reflect all the claimant's limitations . . . the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy.").[1]

For these reasons, the case is remanded to the Agency to either provide specific and legitimate reasons for rejecting Dr. Brourman's limitations or to incorporate them into the residual functional capacity determination. Thereafter, the ALJ may conduct further proceedings as necessary.

---

[1] Notably, in response to a hypothetical question from Plaintiff's counsel, the vocational expert testified that if Plaintiff was limited to no more than occasional gripping and grasping he would not be able to perform his past work. (AR 54.) The Court notes further that Plaintiff's past work, Dictionary of Occupational Titles ("DOT") No. 763.381-010, requires sanding, graining, polishing, and waxing, actions which may well involve repetitive forceful gripping, grasping, pushing, and pulling. Though this job is defined as light work in the DOT, Plaintiff performed it in the medium range. (AR 51.)

IV. CONCLUSION

For the reasons set forth above, the Court concludes that the Agency's decision denying benefits is not supported by substantial evidence. The decision is, therefore, reversed and the case is remanded for further consideration in light of the Court's decision.[2]

IT IS SO ORDERED.

Dated: October 11, 2011

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-CLOSED\Closed-Soc Sec\VICTOR, M 7674\Memo_Opinion.wpd

---

[2] Plaintiff has requested that the Court reverse the Agency's decision and remand the case for an award of benefits. (Joint Stip. at 15.) The Court recognizes that it has the authority to do this but finds that the issues outlined above require further development before it will be clear whether Plaintiff is entitled to benefits. *See, e.g., Andrews v. Shalala*, 53 F.3d 1035, 1043-44 (9th Cir. 1995) (remanding case because ALJ's hypothetical to vocational expert did not include functional limitations found by examining physician); *Reddick v. Chater*, 157 F.3d 715, 728 (9th Cir. 1998) (noting that the decision whether to remand or simply award benefits is within discretion of court).